IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01687-SKC

SHONTELLA YOUNG, et al,

      Plaintiffs,

v.

18TH JUDICIAL PROBATION DEPARTMENT,[1]

      Defendants.

---

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Defendant, the Colorado Judicial Department, 18th Judicial District Probation Department ("Judicial") by and through its counsel, the Colorado Attorney General, respectfully moves for summary judgment on all claims pursuant to Rule 56 of the Federal Rules of Civil Procedure.  In support thereof, Judicial states as follows:

### INTRODUCTION

The Colorado Judicial Department is the State of Colorado's judicial branch of government and it operates the State's courts and probation departments. The 18th Judicial District Probation Department is one of twenty-three separate departments within the Judicial Department. The 18th Judicial District Probation Department covers four counties and has three physical offices.

---

[1] The full name for Defendant is the Colorado Judicial Department, 18th Judicial District Probation Department.

Plaintiff was employed by the 18th Judicial District Probation Department in a support services administrative position from April 22, 2019 through March 19, 2020. Second Amended Complaint, ECF No. 36-2, p. 9. On March 19, 2020, Plaintiff was terminated during her probationary period of employment. *Id.* After filing two charges with the EEOC, Plaintiff brought this instant lawsuit against Defendant. Plaintiff asserts the following claims, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*: 1) race discrimination (disparate treatment); 2) hostile work environment based on race; and 3) retaliation. *Id.* at pp. 3-5, 9-10. Judicial seeks entry of summary judgment on all three claims.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure permits the entry of a judgment if no trial is necessary. *See White v. York Int'l Corp.,* 45 F.3d 357, 360 (10th Cir.1995). Summary judgment is appropriate when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material, specifies the elements that must be proven for a claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Kaiser–Francis Oil Co. v. Producer's Gas Co.,* 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson,* 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party. *See Garrett v. Hewlett Packard Co.,* 305 F.3d 1210, 1213 (10th Cir.2002).

2

Where, as here, the moving party does not bear the burden of proof at trial, it must point to an absence of sufficient evidence to establish the non-movant's claims. *Dawson v. Archambeau*, No. 16-CV-00489-MSK-NYW, 2020 WL 209852, at *4 (D. Colo. Jan. 13, 2020). The non-movant must then come forward with sufficient competent evidence to establish a *prima facie* claim. *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991); *Perry v. Woodward,* 199 F.3d 1126, 1131 (10th Cir.1999). If the non-movant fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Plaintiff's three claims are all brought under Title VII. Under Title VII, a plaintiff bears the burden to demonstrate discrimination or retaliation. *Equal Employment Opportunity Comm'n v. Wiltel, Inc.,* 81 F.3d 1508, 1513 (10th Cir.1996).  To do so, a plaintiff must present either direct evidence of discrimination or indirect evidence that satisfies the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019) (disparate treatment); *Lounds v. Lincare, Inc.,* 812 F.3d 1208, 1222 (10th Cir. 2015) (hostile work environment); *Twigg v. Hawker Beechcraft Corp.,* 659 F.3d 987, 998 (10th Cir. 2011) (retaliation).

Under the *McDonnell Douglas* analysis, a plaintiff must first "raise a genuine issue of material fact on each element of the *prima facie* case." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (citation omitted). The burden then "shifts to the employer to offer a legitimate nondiscriminatory reason for its employment decision." *Id*. If the employer does so, "the burden then reverts to the plaintiff to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—i.e., unworthy of belief." *Id*. (internal quotation marks omitted).

3

**ARGUMENT**

I.      **First Claim for Relief: Race Discrimination**

Interpreting Plaintiff's Second Amended Complaint liberally, Plaintiff claims Judicial discriminated against her, based on race, in two ways: 1) it treated her differently and less favorably than two new hires; and 2) terminated her employment. As for Plaintiff's contention that her termination was discriminatory based on her race, Plaintiff failed to exhaust her administrative remedies, and, even were the Court to reject Judicial's defense, the Plaintiff cannot demonstrate a *prima facie* case for race discrimination nor is there evidence to suggest that Judicial's legitimate, nondiscriminatory reasons for termination were pretextual. As for Plaintiff's contention that she was treated differently than two Caucasian newly hired employees, Plaintiff again failed to exhaust her administrative remedies and again, even were the Court to find otherwise, Plaintiff cannot demonstrate a *prima facie* case of race discrimination.

A.      Plaintiff Failed to Exhaust her Race Discrimination-Disparate Treatment Claim

Title VII requires a Plaintiff to timely exhaust administrative remedies by filing a charge with the EEOC and receiving a right to sue notice. *See* 42 U.S.C. § 2000e-5(e)(1); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166 (10th Cir. 2018). A plaintiff's failure to exhaust administrative remedies prior to initiating litigation creates an affirmative defense. *Lincoln*, 900 F.3d at 1185.[2] To properly exhaust, a charge must identify facts concerning the alleged discriminatory and retaliatory actions underlying each claim. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). A plaintiff must identify *both* the challenged discrete adverse actions and the type of discrimination alleged. *Id.*

---

[2] Judicial raised this affirmative defense in its Answer. ECF No. 38 at p. 5.

4

    *1.   Plaintiff failed to exhaust her claim that her termination was based on race discrimination.*

    On June 30, 2020, Plaintiff filed her second EEOC charge, and the only EEOC charge addressing her termination from employment.[3] *See* ECF No. 13-1, Plaintiff's Second EEOC charge. Unlike Plaintiff's first charge, the second charge alleged only that her termination was the result of retaliation – not race discrimination. *Id.* Plaintiff did not check the box for race discrimination. *Id.* Failure to check a particular box on an EEOC charge creates a presumption that a plaintiff is not making a claim on that ground. *See Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir.1998); *Asebedo v. Kansas State Univ.*, 559 F. App'x 668, 672 (10th Cir. 2014). The presumption can be rebutted by a plaintiff's narrative statement. *Gunnell,* 152 F.3d at 1260. Here, however, the narrative provided by Plaintiff in her charge includes no factual allegations or contentions that could be reasonably interpreted as suggesting that she also claims her termination was racially discriminatory. Therefore, this is not a case where Plaintiff "simply neglected to attach a legal label to [her] underlying factual allegations." *Mitchell v. City & Cnty. of Denver*, 112 F. App'x 662, 668 (10th Cir. Oct. 12, 2004). Furthermore, Plaintiff confirmed in her deposition testimony that she only claimed her termination of employment was retaliatory, not because of discrimination. Ex. A, 244:24-245:13 (Q: You have not claimed discrimination, just retaliation correct? A: It says retaliation.).

    Where, as here, the undisputed evidence shows Plaintiff did not exhaust administrative remedies, summary judgment in favor of Judicial is proper.

    *2.   Plaintiff failed to exhaust her race discrimination claim based on differential treatment.*

---

[3] Plaintiff's First EEOC Charge, dated March 10, 2020, was filed before Plaintiff learned she would be terminated. *See e.g.,* ECF No. 1, at pp. 10-11, First EEOC Charge.

In her Second Amended Complaint (ECF No. 36-2), Plaintiff bases her alleged disparate treatment on her contention that, at some time, two new, Caucasian employees were hired and "were treated differently and more favorably."

The Court's "inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge." *Jones,* 502 F.3d at 1186. "[E]ach discrete incident" of alleged discrimination or retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted. *Id.* (internal quotations omitted). To find Plaintiff exhausted her claim for discrimination based on the allegation that two new hires were treated more favorably, Plaintiff must demonstrate that "each claim falls within the scope of the administrative investigation that can reasonably be expected to follow at least one of the charges." *Green v. Donahoe*, No. 10-CV-02201-LTB-KMT, 2011 WL 5119001, at *2 (D. Colo. Oct. 28, 2011) (internal quotations omitted) (finding that a plaintiff's charge could not be construed as including his specific retaliation claims); *see also Underwood v. GEO Group, Inc.,* 2010 WL 2653316, at *4 (D. Colo. June 30, 2010) (finding no exhaustion of the claims because the "review of Plaintiff's EEOC charges reveals that the specific incidents of discrimination alleged in Plaintiff's complaint, as set forth above, were not set out in Plaintiff's EEOC charge"). Plaintiff's March 10, 2020, EEOC charge – the only charge in which she raises a race discrimination claim – however, does not mention favorable treatment of two new Caucasian hires. *See* ECF No. 1, at pp. 10-11, March 10, 2020 EEOC Charge.[4]  Instead, Plaintiff's EEOC charge was premised on perceived inadequate training

---

[4] Plaintiff's Second EEOC charge, based only on retaliation, also makes no mention of purported preferential treatment for two new Caucasian hires.

provided to her by a coworker, Collette Walton, which Plaintiff blamed on a "personality clash due to [Plaintiff's] education." *Id.* Plaintiff's charge thus includes no facts that would reasonably prompt an investigation into general claims of disparate treatment based on how two new Caucasian hires were treated.

Summary judgment is therefore warranted on Judicial's affirmative defense that Plaintiff failed to properly exhaust this claim.

B.  Plaintiff Cannot Demonstrate a *Prima Facie* Case for Race Discrimination Based on Purported Differential Treatment.

Even were the Court to find that Plaintiff exhausted her race discrimination claim, it does not survive summary judgment because Plaintiff cannot demonstrate a *prima facie* case.

To establish a *prima facie* case of discrimination based on race, a plaintiff must show (1) she is a member of a protected class, (2) she suffered an adverse employment action, and (3) disparate treatment amongst similarly situated employees, or an inference of discrimination based upon race. *Drury v. BNSF Ry. Co.*, 657 F. App'x 785, 789 (10th Cir. 2016); *Campbell v. Eaton Corp.*, No. 17-cv-02661-RM-SKC, 2019 WL 5458816, at *3 (D. Colo. Sept. 30, 2019), *report and recommendation adopted*, 2019 WL 5457711 (D. Colo. Oct. 24, 2019) (citing *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005)).

Judicial does not dispute that Plaintiff satisfies the first element of a *prima facie* case for purposes of this Motion: Plaintiff is a member of a protected class. And, as to termination, Plaintiff can demonstrate adverse action. However, she cannot demonstrate that she suffered any other adverse action, nor can she show disparate treatment amongst similarly situated employees not of her protected class, or otherwise demonstrate an inference of discrimination based on race.

1.  *Plaintiff's Race Discrimination Claim (Termination)*

Were the Court to determine that Plaintiff properly exhausted her race discrimination claim based on her termination, Plaintiff cannot demonstrate even a *prima facie* case for discrimination, as there is no record evidence to support an inference that her termination was based on race nor that comparator employees not of a protected class were treated more favorably in similar circumstances. All Plaintiff has shown is that her employment was terminated and she is African-American.  In such circumstances, courts have granted summary judgment.  *See e.g., Avington v. Maxim Healthcare Servs., Inc.*, 2015 WL 5775208, at *6 (N.D. Okla. Sept. 30, 2015) (noting it is not enough for a plaintiff to merely allege that he is African-American and was terminated to satisfy burden of race discrimination claim)

Even if Plaintiff could satisfy all of the elements of her *prima facie* case – which she cannot – Judicial had legitimate nondiscriminatory reasons for its employment decisions and Plaintiff cannot demonstrate pretext. Judicial terminated Plaintiff's employment because she did not receive a rating above a 2.75 in her performance appraisal, and the Personnel Rules require termination of a probationary employee who does not get above a 2.75 score. Ex. B, ¶¶ 19-41, 45-46; Exs. B2 to B-15; Ex. C, ¶¶ 3-4, 9; Ex. D, ¶¶ 8-11.  Plaintiff received an unsatisfactory rating in her appraisal because she struggled in several key areas during the tenure of her probationary employment, to include Communication, Personal Leadership/Orientation to Work, Professionalism, and Teamwork. B, ¶¶ 19-41, 45-46; Exs. B2 to B-15.  Plaintiff regularly failed to follow the chain of command when she bypassed her first-line supervisor Ms. Moore; Plaintiff failed to comply with her work schedule and flexed her work schedule without permission; and it was noted that Plaintiff was argumentative, abrasive toward co-workers, and failed to work with others as a team. *Id*., at ¶¶ 19-42, 45-46; Exs. B2

8

to B-15.  Plaintiff has no evidence to rebut these business justifications, and summary judgment therefore should be granted on her race discrimination claim based on her termination.  *See e.g., Brown v. Evans,* 85 F. App'x 135, 140 (10th Cir. 2004) (failing to follow the chain of command is legitimate business reason for termination); *Merrick v. N. Natural Gas Co.*, 911 F.2d 426, 430 (10th Cir.1990) (insubordination, combative personality and poor communication skills are legitimate reasons for termination); *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877–78 (10th Cir.2004) (failure to comply with attendance policy is a legitimate reason for termination).

> 2.  *Plaintiff Cannot Demonstrate a Claim for Race Discrimination Based on Inadequate Training.*

Plaintiff's race discrimination claim is also based on a contention that two newly hired Caucasian employees were treated more favorably. Specifically, Plaintiff contends that these individuals received different training.  ECF No. 36-2; Ex. A, 91:2-92:23.

As for the second element of a *prima facie* case for discrimination, Plaintiff cannot demonstrate that any difference in training amounted to an adverse employment action. To demonstrate adverse action, a plaintiff must demonstrate injury "rising to a "level of seriousness."  *Williams v. W.D. Sports, N.M., Inc.,* 497 F.3d 1079, 1087 (10th Cir. 2007).  Generally, a tangible adverse employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.  *Aquilino v. Univ. of Kansas*, 268 F.3d 930, 934 (10th Cir. 2001). Unprofessional comments, uncivil treatment, and personal conflicts are not sufficient to state a materially adverse action. *Wells v. Colorado Department of Transportation,* 325 F.3d 1205, 1214 (10th Cir. 2003); *see also Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533 (10th Cir. 1998) (irritable yet minor employment actions that a

plaintiff dislikes cannot form the basis of a retaliation claim). The inquiry is an objective one and is not based on a "plaintiff's personal feelings." *Semsroth v. City of Wichita,* 555 F.3d 1182, 1184 (10th Cir. 2009).

Conceivably, if Plaintiff could demonstrate tangible differences in training such that affected her ability to perform her job, lack of training could rise to the level of sufficient adverse action. *See Jackson v. Exxon Mobil Chem. Corp.,* 2004 WL 3168283, at *9 (W.D. Okla. Jan. 16, 2004). To base a Title VII claim off inadequate training, Plaintiff must be able to specify "what additional training she desired, the length of time such training was allegedly delayed, the time she spent in such training compared to the time white counterparts spent in that training, or to allege that such presumed failings somehow affected her performance." *Richardson v. Blue Cross/Blue Shield of Kansas, Inc*., 196 F. Supp. 2d 1174, 1184 (D. Kan. 2002).

However, Plaintiff's allegations of unfavorable treatment and training do not suffice. First, Plaintiff is unable to provide any specifics. She cannot provide names for the two new hires, (Ex. A, 91:2-91:6 ("I can't even remember their name[s]")), or what month these individuals were hired (*see id.* at 91:17-91:19). Plaintiff is likewise unable to identify exactly how her training was inferior. *See id.* at 76:23- 82:8; 91:1-91:12. In fact, Plaintiff admits several times that her training was not incorrect – just different. *See id.* at 75:17-76:7 ("I realized we were just being trained differently to do different tasks, and that was fine."); 76:23-76:25 (Q: And was the way you were doing it incorrect or it was just a different way? A: I think it was just a different way."). Accordingly, Plaintiff's receipt of "different" but accurate training does not amount to adverse action.

Even assuming, *arguendo*, that Plaintiff's training could constitute adverse action, Plaintiff has no evidence to suggest an inference of discrimination in what she views as allegedly deficient or

10

problematic training. There is no evidence to suggest that any different training was race-based.  First, the other employees Plaintiff claims received different training were not similarly situated. As for the two new hires, at least one of them had a different supervisor (Plaintiff was supervised by Kim Moore, while at least one new hire was supervised by Karen Johnson). *Id.* at 92:5-92:23. Both worked at a different location than Plaintiff. *Id.* Lastly, they were trained by a different individual – Plaintiff was trained by Collette Walton, while the new hires were trained by Barbara Robertson. *Id.* at 91:1-91:9.

To the extent Plaintiff now claims that her coworker, Alexandria Lombardi, was also trained differently, Ms. Lombardi, like Plaintiff, is African American. Ex. B, ¶ 39. Collette Walton, who trained both Plaintiff and Ms. Lombardi, is also African American.  *Id.*  Lastly, as Plaintiff admits, the training was not the same for a nondiscriminatory reason – Plaintiff and Ms. Lombardi were trained to do different tasks. *Id.* at 76:3-76:4.  Here, the undisputed facts do not show different treatment of similarly situated individuals, or otherwise that there is an inference of discrimination. Plaintiff's race discrimination claim for disparate treatment must thus be dismissed as there is no genuine dispute of material fact as to whether Plaintiff can demonstrate a prima facie case for race discrimination

## II.     Second Claim for Relief: Hostile Work Environment

A plaintiff likewise bears the burden to establish a claim for a hostile work environment under Title VII. *Duran v. LaFarge N. Am., Inc.,* 855 F. Supp. 2d 1243, 1248 (D. Colo. 2012). To prove a hostile work environment claim a plaintiff must prove that: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on her race; and (4) the severity and pervasiveness of the harassment altered the term, condition, or privilege of the plaintiff's employment and created an abusive working environment. *Campbell*, 2019 WL 5458816, at *5 (citing *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015) (quotations and citation omitted); *see*

11

*also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 n.10 (2002) ("Hostile work environment claims based on racial harassment are viewed under the same standard as those based on sexual harassment.").

In Plaintiff's Second Amended Complaint she claims that in August 2019 she was subjected to harassment because she was counseled about sending a text message to a probation supervisor and was not given an opportunity to explain her side.  ECF No. 36-2, p. 6.  She claimed this made her uncomfortable and that targeted her because of her race.  *Id*.  For the same reasons as set forth above in Section I.A., Plaintiff did not timely exhaust this allegation because it is a discrete incident which she failed to raise in either EEOC charge.  See ECF Nos. 1 and 13-1.

Even if the Court were to find that Plaintiff exhausted this allegation, she cannot demonstrate that she was subject to harassment, much less harassment that was based on race or color, nor that it was sufficiently subjectively and objectively severe or pervasive.

A.  Plaintiff Cannot Demonstrate She Suffered Any Harassment

Judicial does not dispute that Plaintiff is a member of a protected class.  However, Plaintiff cannot establish a genuine dispute of material fact suggesting she was subject to *any* harassment.  "Title VII does not establish a general civility code for the workplace." *Morris v. City of Colorado Springs*, 666 F.3d 654, 663–64 (10th Cir. 2012) (citations omitted). "Run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim." *Id*. (citations omitted). "Isolated or trivial episodes of harassment are insufficient to satisfy this standard." *Honeycutt v. Safeway, Inc.*, 475 F. Supp. 2d 1063, 1075 (D. Colo. 2007) (citing *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65 (1986)); *see also e.g., DeNovellis v.*

12

*Shalala*, 124 F.3d 298, 310 (1st Cir. 1997) ("Not all offensive conduct is actionable as harassment; trivial offenses do not suffice.").

At most, Plaintiff alleges that she was singled out and made to feel uncomfortable.  She claims that her African-American co-worker, Ms. Walton, was cold, unfriendly, close-minded, and at times, Plaintiff confrontational.  Ex. A, 84:5-85:1.  On one occasion that Plaintiff could recall, she felt embarrassed when Ms. Walton talked to Plaintiff about lunch plans in front of a customer. Ex. A, 87:8-88:5.  These matters, however, are trivial, run-of-the-mill behavior that is not uncommon in the workplace, and not harassment. *Juarez v. Utah Dep't of Health-Fam. Dental Plan*, 2006 WL 2623905, at *12 (D. Utah Sept. 11, 2006), *aff'd sub nom. Juarez v. Utah*, 263 F. App'x 726 (10th Cir. 2008) (finding snide comments and the cold shoulder are normal petty slights and minor annoyances in the workplace that are not actionable harassment).  As such, Plaintiff cannot demonstrate that she suffered harassment as a matter of law, and she fails to establish the first element of her *prima facie* case.

B.  Plaintiff Cannot Establish Any Harassment Was Racially Motivated

Even were the Court to find a dispute of fact as to whether Plaintiff suffered any actionable harassment, there are no facts to suggest that any purported harassment was based on Plaintiff's race or color.

To sustain a Title VII hostile work environment claim based on race discrimination, a Plaintiff must set forth facts demonstrating that any harassment must be "racial or stem[ ] from racial animus." *Tademy v. Union Pac. Corp.*, 614 F.3d 1132, 1139 (10th Cir. 2008) (internal quotations omitted).

As an initial matter, there is no record evidence that Plaintiff was subject to harassment because of her race or color beyond Plaintiff's speculation.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (finding that speculation, conjecture, or surmise is insufficient to defeat a summary

13

judgment motion).  As discussed above, Plaintiff's hostile work environment claim in her Second

Amended Complaint alleges that she was harassed when she was accused of sending a text message to

a supervisor without permission.  ECF No. 36-2, p. 6; Ex. A, 166:7-167:12. Plaintiff does not know

who made the accusation nor is there any record evidence that this accusation was racially motivated

or stemmed from racial animus. Ex. A, 172:5-18; 173:4-174:2.  Plaintiff also alleges that Ms. Walton

created a hostile work environment because she was "cold" and short in her responses toward Plaintiff,

unfriendly, and confrontational because Ms. Walton would come into her office unannounced and sit

in a chair next to Plaintiff for no apparent reason and then walk away.  Ex. A, 84:5-85:1; 85:2-86:17.

But, there is no record evidence that any of the purported harassment that Plaintiff purportedly

complained about was because of Plaintiff's race or color, or otherwise stemmed from racial animus

that can be linked to Ms. Walton or any other employee.  *Walker v. San Juan Reg'l Med. Ctr., Inc.*,

2009 WL 10708090, at *9 (D.N.M. Mar. 27, 2009) (finding that even aggressive and unfriendly

supervision, does not equate to harassment when there is no racial nexus).

 As such, Plaintiff cannot establish that the purported harassment was based on race/color, she

fails to establish the third element of her *prima facie* case, and her hostile work claim should be

dismissed.

 C. <u>Plaintiff Cannot Show Alleged Harassment Was Severe or Pervasive</u>

 Actionable harassment is that which is so severe or pervasive that it alters a condition or term

of employment.  *Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1365 (10th Cir. 1997) (a hostile

working environment claim is sustainable only if complained of conduct is severe or pervasive).  A

plaintiff cannot demonstrate treatment rising to the level of a hostile work environment by pointing to

isolated incidents of poor treatment; instead, they must show a steady barrage of conduct motivated by

14

the plaintiff's protected class to maintain a call.  *Morris*, 666 F.3d at 666.  "[A] plaintiff must show that the environment was both objectively and subjectively hostile or abusive." *Morris*, 666 F.3d at 664.

Even assuming that Plaintiff was reprimanded for a text message she allegedly sent to a co-worker on leave, or that treatment by Ms. Walton can be considered harassing, there is no evidence that these acts were so objectively severe or pervasive so as to alter a condition or term of Plaintiff's employment.  *See e.g., Brown v. LaFerry's LP Gas Co.,* 708 F. App'x 518, 522 (10th Cir. 2017) (finding that even if plaintiff was given the "cold shoulder" or "silent treatment" after he complained, and it was motivated by racial animus, it was not enough to demonstrate an abusive hostile environment)

Courts have granted summary judgment when faced with far greater incidents of clearly racially-based conduct. *See e.g., Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) (finding isolated incidents of blatantly racist comments insufficient to create actionable hostile environment). The evidence here does not rise to the level of conduct needed to sustain a hostile work environment claim, and Plaintiff's claim should be dismissed.

III.     **Third Claim for Relief: Retaliation**

In Plaintiff's Second Amended Complaint she alleges that she was subjected to retaliation because of two primary instances: 1) Plaintiff complained about her work environment in May/July 2019 and she was subjected to a negative work environment as a result; and 2) Judicial terminated her employment after Plaintiff filed a complaint with the State Court Administrator's Office on September 6, 2019, and after she filed a charge of discrimination with the EEOC on March 10, 2020.  *See* ECF No. 36-2, p. 6.  Plaintiff cannot demonstrate a *prima facie* claim of retaliation as to either instance.

A.  Plaintiff cannot demonstrate the necessary elements to satisfy her *prima facie* case

To prove a *prima facie* Title VII retaliation claim, "a plaintiff must show that (1) she engaged in protected opposition to discrimination, (2) a reasonable employee would have found the challenged action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action." *Id*. at 1193 (internal quotation marks and brackets omitted).  To establish a causal connection, a plaintiff must "present evidence of circumstances that justify an inference of retaliatory motive." *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014) (internal quotation marks omitted).

B.  Plaintiff's complaints about her co-workers and work environment in May/July and September 2019 do not constitute protected conduct.

"An employee's complaints regarding unfair treatment, no matter how unconscionable, cannot be protected opposition to discrimination unless the basis for the alleged unfair treatment is some form of unlawful discrimination" because of such individuals' protected characteristic.  *Dean v. Computer Scis. Corp.*, 384 F. App'x 831, 838 (10th Cir. 2010) (citations omitted); *see also Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002) ("Title VII does not prohibit all distasteful practices by employers."). "[A] vague reference to discrimination and harassment without any indication that this misconduct was motivated by race does not constitute protected activity and will not support a retaliation claim." *Anderson v. Acad. Sch. Dist.* 20, 122 Fed. Appx. 912, 916 (10th Cir.2004); *see also Ashkin v. Time Warner Cable Corp.*, 52 F.3d 140, 143–44 (7th Cir.1995) (concluding that a complaint about management style, which does not mention unlawful harassment or discrimination, is not protected opposition).

In May/July 2019 Plaintiff complained to her supervisor, Ms. Moore, claiming that Plaintiff's African-American co-worker, Colette Walton was displaying a "nonverbal attitude of negativity" and made disagreeable "facial gestures" toward Plaintiff during a staff meeting on May 15, 2019 . Ex A, 101:7-102:1.  Plaintiff then raised the same concerns about Ms. Walton in a September 6, 2019 complaint, writing that Ms. Walton was "cold" and short in her responses toward Plaintiff, and that Ms. Walton was unfriendly and closed-minded.  Ex. A, 84:5-85:1; 85:2-86:17; 87:8-88:5; Ex. D-2. Plaintiff also claimed that she was being trained differently than Ms. Lombardi, who is also African-American.  Ex. E, ¶ 6; Ex. D-2.

Plaintiff's complaints in May/July and September 2019 about her co-worker's perceived "negative" attitude and differences in training between herself and another coworker of the same race do not constitute protected conduct under Title VII because Plaintiff made no allegations that either were racially motivated.  Ex. E, ¶¶ 4-5, 7; Ex. D-2.  That is, nothing in the list of facts alleged by Plaintiff relates to unlawful discrimination as motivation for Plaintiff's alleged mistreatment. *Id*.

Because Plaintiff's complaints in May/July and September 2019 are complaints about Ms. Walton and co-workers personally, and complaints about perceived differences in training that do not allege discrimination or hostile work environment because of unlawful treatment because of Plaintiff's race or color, her complaints are not protected opposition to discrimination, and she fails to satisfy the first element of her *prima facie* case of her retaliation claim.

C. Plaintiff was not subjected to materially adverse actions as a result of her May/July complaints that affected the terms and conditions of her employment

To satisfy the second element of her *prima facie* case, Plaintiff must demonstrate that a reasonable employee would have found the challenged action materially adverse.  *See Burlington N. &*

*Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006).  "Petty slights, minor annoyances, and simple lack of good manners will not create such deterrence" and do not qualify as materially adverse actions. *Winston v. Ross*, 725 F. App'x 659, 666 (10th Cir. 2018).  There is no evidence that Plaintiff was subjected to a materially adverse action because of her complaints about her co-worker, Ms. Walton, in May/July 2019. As to Plaintiff's claim that she encountered a hostile work environment following her complaints, Plaintiff cannot meet her burden of demonstrating that she was subjected to any materially adverse action. While termination would, of course, be adverse action, for the reasons stated below, this claim likewise fails.

    D.  <u>There is no causal connection between Plaintiff's termination of employment and her September 2019 complaint</u>

An adverse employment action that occurs three months after a protected activity is not sufficient, standing alone, to demonstrate causation.  *See Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007); *Hysten v. Burlington N. & Santa Fe Ry. Co.*, 296 F.3d 1177, 1183–84 (10th Cir. 2002) (concluding that a period of "[a]lmost three months" between the protected activity and the alleged retaliatory act does not permit an inference of causation); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three-month period, standing alone, is insufficient to establish causation).

Plaintiff's employment was terminated approximately 6 months after her complaint. Ex. C, ¶¶ 8-10; Ex. C-1. Plaintiff offers no other evidence to suggest a causal connection between her complaint and her termination of employment. Indeed, the record evidence suggests there was in fact no causal connection.  First, Plaintiff was counseled by Ms. Moore about her deficiencies prior to making any complaint, and Plaintiff's performance appraisal (which ultimately resulted in her termination) was an accumulation of ongoing performance deficiencies during Plaintiff's tenure of employment, which

were simultaneously addressed with Plaintiff.  Ex. B, ¶¶ 19-41, 45-46; Exs. B2 to B-15.  *See e.g., Pfahl v. Synthes*, 13 Fed. Appx. 832, 836 (10th Cir. 2001) (finding no causal connection existed between the protected activity and termination because the disciplinary process was set in motion before plaintiff engaged in protected activity).

As for Plaintiff's complaint that her March 10, 2020, EEOC charge prompted Judicial to terminate her on March 19, 2020, Plaintiff likewise cannot show causation. First, "[a]n employer's action against an employee cannot be because of that employee's protected opposition unless the employer knows the employee has engaged in protected opposition." *See Williams v. Rice*, 983 F.2d 177, 181 (10th Cir. 1993).  Doug Gray, who made the ultimate decision to terminate Plaintiff, was not aware at that time that Plaintiff filed an EEOC charge. Plaintiff admits that she did not provide her March 10, 2020 EEOC charge of discrimination to Judicial nor the EEOC's dismissal and notice of rights to sue letter prior to her termination of employment.  Ex. A, 184:1-4; 185:21-24.  Moreover, Mr. Gray made the decision to terminate Plaintiff's employment on March 4, 2020, prior to Plaintiff's charge of discrimination being filed on March 10, 2020.  Ex. C, ¶¶ 6-7.  And, there is no evidence that Ms. Moore or Mr. Gray had any knowledge of Plaintiff's March 10, 2020 EEOC charge or EEOC dismissal and notice of rights to sue letter prior to Ms. Moore drafting Plaintiff's performance appraisal.  Ex. B, ¶ 53; Ex. C, ¶ 13.

    E.   <u>Plaintiff cannot demonstrate Judicial's nonretaliatory reasons for her termination of employment are pretextual</u>

Even if the Court found Plaintiff established a *prima facie* case for retaliation, Judicial had legitimate, nonretaliatory reasons for its employment decisions and Plaintiff cannot demonstrate pretext.  As set forth above in Section I.B.2, Judicial terminated Plaintiff's employment because she

received an unsatisfactory rating in her appraisal in several key areas during the tenure of her probationary employment, ultimately receiving a score below that which is required.  Ex. B, ¶¶ 19-41, 45-46; Exs. B2 to B-15; Ex. C, ¶¶ 3-4, 9; Ex. D, ¶¶ 8-11.

Plaintiff has offered no evidence to suggest the reasons for her termination were pretextual. Plaintiff's performance deficiencies began shortly after Plaintiff began her employment and they continued throughout the tenure of her employment even after Ms. Moore made numerous documented efforts to counsel Plaintiff.  B, ¶¶ 19-41, 45-46; Exs. B2 to B-15.  Plaintiff's performance deficiencies were discussed with her at or around the time they occurred; Ms. Moore memorialized them in her personal documentation and email correspondence she sent to Plaintiff; and, Ms. Moore ultimately memorialized these problems in Plaintiff's performance appraisal.  *Id*.  Plaintiff does not, for example, claim other employees engaged in the same poor performance and were not disciplined, suggest her areas of struggle were fabricated, or otherwise show why the legitimate reasons for her termination are unworthy of belief. Accordingly, cannot meet her burden to prove that Judicial's legitimate, nonretaliatory reasons for her termination of probationary employment are pretextual, and summary judgment should enter in favor of Judicial on Plaintiff's retaliation claim.

## CONCLUSION

For the reasons set forth above and described in the Statement of Undisputed Material Facts, Defendant, Colorado Judicial Department, 18th Judicial District Probation Department, respectfully requests this Court enter summary judgment in its favor as to all three of Plaintiff's claims and dismiss this matter with prejudice.

20

Respectfully submitted September 1, 2021,

PHILIP J. WEISER
Attorney General

*s/ Jack D. Patten, III*

JACK D. PATTEN, III, *36882
LESLIE C. SCHULZE, 43685*
Senior Assistant Attorneys General
Employment/Personnel & Civil Rights Unit
Attorneys for Defendant
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
Fax: (720) 508-6032
Email: Jack.patten@coag.gov
          Leslie.schulze@coag.gov
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT'S MOTION FOR SUMMARY**

**JUDGMENT** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by

email, this 1st day of September, 2021, addressed as follows:

Shontella Young
Im12blev@yahoo.com

*s/ Jack D. Patten, III*